SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100
973/679-8656 (fax)
cseeger@seegerweiss.com
cayers@seegerweiss.com

Liaison Counsel

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER HENRY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FUTU HOLDINGS LIMITED, et al., <br><br> Defendants. | No. 2:23-cv-03222-BRM-CLW <br><br> <u>CLASS ACTION</u> <br><br> THE RETIREMENT SYSTEMS' OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS <br><br> MOTION DAY:   September 5, 2023 |

4879-1984-6010.v1

## I.    INTRODUCTION

Four motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in this action: (1) Treasurer of the State of North Carolina, on behalf of the North Carolina Retirement Systems, the North Carolina Department of State Treasurer and the North Carolina Supplemental Retirement Board of Trustees, on behalf of the North Carolina Supplemental Retirement Plans, and Indiana Public Retirement System (collectively the "Retirement Systems"); (2) Bingbing Zhang and David Luebbe ; (3) Khor Beng Kuan; and (4) Eddy Chun Ning Chan.[1]  On August 22, 2023, Zhang and Luebbe, as well as Kuan, filed notices of non-opposition to competing motions. *See* ECF 14-15.

Based on information contained in the movants' motions, the Retirement Systems are the "most adequate plaintiff" within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Indeed, the Retirement Systems' loss of approximately $7.2 million is more than the losses claimed by the other lead plaintiff movants ***combined***, and the Retirement Systems otherwise meet the Fed R. Civ. P. Rule 23 typicality and adequacy requirements.  Moreover, there will be no "proof" that the Retirement Systems are inadequate or subject to unique defenses.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  Accordingly, the competing motions should be denied.  The Retirement Systems' motion should be granted.

---

[1]    *See* ECF 10-13.

- 1 -

## II.    ARGUMENT

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), the presumptive lead plaintiff is the movant: (1) with the "largest financial interest in the relief sought by the class"; and (2) who otherwise satisfies the requirements of Rule 23.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 192 (3d Cir. 2005).  Here, there is no dispute that the Retirement Systems possess the "largest financial interest" in this litigation:

| Movant | Approximate Loss |
|---|---|
| **The Retirement Systems** | **$7.2 million** |
| Bingbing Zhang and David Luebbe (filed notice of non-opposition) | $855,814 |
| Khor Beng Kuan (filed notice of non-opposition) | $560,432 |
| Eddy Chun Ning Chan | $51,454 |

*Compare* ECF 12-5 *with* ECF 10-4, 11-6, 13-3 at 4 of 82.

Because the Retirement Systems possess the greatest financial interest, the next question is whether they "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage, the Rule 23 determination is limited to typicality and adequacy.  *Cendant*, 264 F.3d at 263.  There is no question that the Retirement Systems are typical and adequate of the putative class here.  *See* ECF 12-1 at 6-8.

Indeed, the Retirement Systems seek to represent the same putative class and allege the same claims as the initial plaintiff. The Retirement Systems demonstrated that they purchased Futu Holdings Limited ADSs during the Class Period, as did the other class members, which subsequently lost significant value as a result of defendants' alleged wrongdoing. The Retirement Systems are not subject to any unique defenses that defendants might assert against them that the other class members would not also be subject to. There is no evidence of any conflicts between the Retirement Systems and the other class members. Moreover, as institutional investors with a significant financial incentive to diligently monitor and direct the litigation, the Retirement Systems are the paradigmatic candidates Congress contemplated when it enacted the PSLRA. *See Cendant*, 264 F.3d at 264 ("In explaining why institutional investors would make desirable lead plaintiffs, the Conference Committee Report opines that '[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake. The claims of both types of class members generally will be typical.'") (citation omitted).

The presumptive lead plaintiff, in this case the Retirement Systems, must be appointed unless it is proven that they will not satisfy the typicality and adequacy requirements of Rule 23(a). "[O]nce the presumption is triggered, the question *is not* whether another movant might do a better job of protecting the interests of the class

- 3 -

than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *Cendant*, 264 F.3d at 268 (emphasis in original) (citation omitted). Here, there is no dispute that the Retirement Systems meet the adequacy and typicality requirements. *See* ECF 12-1 at 6-8. The Retirement System have also selected counsel that are highly experienced in securities litigation. *See id.* at 8-10. Consequently, the "most adequate plaintiff" presumption that lies in the Retirement Systems' favor cannot be rebutted.

As such, because none of the competing movants can trigger the most adequate plaintiff presumption, their motions should be denied.

## III.   CONCLUSION

The competing lead plaintiff movants have substantially smaller financial interests than the Retirement Systems and cannot rebut the presumption in favor of appointing the Retirement Systems as lead plaintiff in this case. As such, their motions should be denied.

By contrast, the Retirement Systems not only suffered the greatest loss, they satisfy the Rule 23 requirements. Accordingly, the Retirement Systems' motion should be granted.

DATED: August 22, 2023

Respectfully submitted,

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS

s/ Christopher A. Seeger
CHRISTOPHER A. SEEGER

55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 973/639-9100
973/679-8656 (fax)
cseeger@seegerweiss.com
cayers@seegerweiss.com

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
JENNIFER N. CARINGAL
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
jcaringal@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff